11-4230                                                                        BIA
Guo v. Holder                                                              A076 505 552

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20ᵗʰ day of August, two thousand twelve.

PRESENT:
        GUIDO CALABRESI,
        GERARD E. LYNCH,
        RAYMOND J. LOHIER, JR.,
            *Circuit Judges*.

_____

REN YONG GUO,
        *Petitioner*,

        v.                                    11-4230
                                              NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent*.

_____

FOR PETITIONER:        Fuhao Yang, Law Offices of Fuhao
                       Yang PLLC, New York, New York.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant
                       Attorney General; Holly M. Smith,
                       Senior Litigation Counsel; Elizabeth
                       D. Kurlan, Trial Attorney; Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ren Yong Guo, a native and citizen of the People's Republic of China, seeks review of a September 15, 2011, decision of the BIA denying Guo's motion to reopen. *In re Ren Yong Guo*, No. A076 505 552 (B.I.A. Sept. 15, 2011). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam) (internal quotation marks omitted). Aliens seeking to reopen proceedings may file one motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). It is undisputed that Guo's July 2009 motion to reopen was untimely, because the BIA issued its final order of removal in April 2002. However, the time limitation for filing a motion to reopen does not apply if the motion is "based on

2

changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

In this case, the agency did not abuse its discretion in denying Guo's motion to reopen as untimely. Guo's decision to join the China Democracy Party ("CDP") in the United States constitutes a self-induced change in personal circumstances that did not merit an exception to the time limitation. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 274 (2d Cir. 2006).

Further, although Guo argues that he provided articles and a statement describing the arrest and detention of CDP members and political activists in China, those materials do not describe a change in country conditions since Guo's September 2000 hearing. *See In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (BIA 2007) (holding that in evaluating evidence of changed country conditions, the BIA "compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below").

3

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, Guo's pending motion for a stay of removal in this petition is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4